UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINE TOP RECEIVABLES OF ILLINOIS, LLC a limited liability corporation<br><br>Plaintiff,<br><br>vs.<br><br>BANCO DE SEGUROS DEL ESTADO statutory corporation wholly owned by the Sovereign Republic Oriental of Uruguay<br><br>Defendant. | Case No. 12-CV-6357<br><br>Judge Marvin E. Aspen<br><br>Magistrate Geraldine S. Brown |

## DEFENDANT BANCO DE SEGUROS DEL ESTADO'S
## RULE 12(B)(6) MOTION TO DISMISS

Defendant Banco de Seguros del Estado ("Banco"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Count I of Pine Top Receivables of Illinois, LLC's ("PTRIL") Complaint. In support of this Motion, Banco states as follows:

1. This is a breach of contract action filed by PTRIL to recover allegedly unpaid reinsurance balances from Banco.

2. PTRIL alleges that Banco was a party to the following five reinsurance treaties between Pine Top Insurance Company ("Pine Top") and Banco:

   i. Quota Share and First Surplus Reinsurance Agreement, effective October 1, 1977 to September 30, 1981;

   ii. Variable Quota Share A/C Hull and Company Reinsurance Agreement effective July 1, 1978 to June 30, 1980;

   iii. Quota Share Reinsurance, Direct and Facultative Business effective January 1, 1981 to December 31, 1983;

   iv. Quota Share Reinsurance Agreement (Treaty Reinsurance Business) effective October 1, 1981 to September 30, 1984; and

      v.      Excess of Loss Reinsurance Agreement, Treaty Reinsurance Business effective October 1, 1981 to September 30, 1984.

(Complaint Exhibit 1.)  PTRIL was not a party to any of these alleged reinsurance treaties.

      3.      PTRIL did not attach any of these alleged reinsurance treaties to its Complaint. Given the antiquity of these alleged agreements, Banco currently lacks evidence to determine whether it agreed to participate in two of the five treaties in the percentage alleged and for each year of account that may be at issue.

      4.      In November 2010, Pine Top assigned to PTRIL "all rights, title and interest in all net balances due from known and unknown debtors," including the balances allegedly due and owing from Banco to Pine Top.  (Complaint ¶ 6.)

      5.      In Count I of its Complaint, PTRIL seeks an order compelling Banco to arbitrate its dispute over the alleged balances due from Banco to Pine Top.  The Court should dismiss Count I, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because PTRIL lacks standing to invoke the arbitration provisions in any of the alleged reinsurance treaties at issue.

      6.      In support of this Motion, the Court may consider the following documents attached to this Motion because those documents are referenced in PTRIL's Complaint and are central to PTRIL's claims:

      i.      Pine Top Insurance Company Quota Share and First Surplus Agreement No. DIR 3018-1-77 (Exhibit A);

      ii.      Pine Top Insurance Company Variable Quota Share Agreement No. DIR 3018-2-78 (Exhibit B)

      iii.      Pine Top Insurance Company Excess of Loss Agreement No. 1025-9-81 (Exhibit C);

      iv.      Purchase Agreement and Assignment of Debt dated November 16, 2010 (Exhibit D); and

      v.      June 26, 2012 letter from Banco's counsel to PTRIL's counsel (Exhibit E).

*See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (allowing consideration of documents that formed "the core of the parties' contractual relationship" and to which the plaintiff's complaint had specifically referred); *see also* Fed. R. Civ. P. 10(c) (exhibits should be considered part of the pleadings). These documents are authenticated in the attached Declaration of Robert A. Badgley (Exhibit F).

      7.      Alternatively, if the Court were to conclude that PTRIL has the right to arbitrate against Banco, this Court should order the parties to proceed with discovery and a trial on whether Banco is a party to all of the reinsurance treaties allegedly at issue. 9 U.S.C. § 4. The Court must determine whether Banco is a party to all of the reinsurance treaties at issue before the Court entertains any motion to compel arbitration under the Inter-American Convention on International Commercial Arbitration, codified at Chapter 3 of the Federal Arbitration Act. 9 U.S.C. §§ 301-307; *Sphere Drake Ins. Ltd. v. All American Ins. Co.*, 256 F.3d 587, 591 (7th Cir. 2001) ("as arbitration depends on a valid contract an argument that the contract does not exist can't logically be resolved by the arbitrator (unless the parties agree to arbitrate this issue after the dispute arises)").

      8.      Further, and in the alternative, Pine Top's claims under the five separate treaties identified in the Complaint should not be consolidated because the Pine Top-Banco treaties of which Banco is aware make it clear that consolidation is not permitted and was not intended by the parties. *Stolt-Nielsen S.A. v. Animalfeeds International Corp.*, 130 S.Ct. 1758, 1775-76 (2010).

      9.      Finally, and in the alternative, if the Court determines that PTRIL had the right to initiate arbitration, this Court should confirm the Banco arbitrator appointments made in the June 26, 2012 letter, which were done under the procedures and within the time limits set forth in the

3

treaties. 9 U.S.C.A. § 303 (under the Inter-American Convention, the Court "may . . . appoint arbitrators in accordance with the provisions of the agreement").

WHEREFORE, for all of the reasons set forth above, which are more fully explained in the Memorandum of Law filed contemporaneously with this Motion, which is fully incorporated by reference herein, Defendant Banco requests that this Court issue an Order that:

(1) dismisses Count I of PTRIL's Complaint with prejudice; or

(2) orders, in the alternative, that the parties proceed with discovery and trial on whether Banco is a party to all of the reinsurance treaties identified in Exhibit 1 to PTRIL's Complaint;

(3) orders, in the alternative, separate arbitration proceedings for each contract at issue;

(4) orders, in the alternative, that Banco's appointment of arbitrators was timely and valid; and

(5) awards any other relief that the Court deems just and appropriate under the circumstances.

Dated: October 31, 2012                                    BANCO DE SEGUROS DEL ESTADO


                                                           By:      s/ Ernesto R. Palomo
                                                                    One of its Attorneys


Robert A. Badgley (# 6206520)
Ernesto R. Palomo (# 6278186)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0477 (E.R. Palomo)
(312) 896-6477 (E.R. Palomo -- fax)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Mary Cannon Veed**
mcveed@arnstein.com

                                                           s/ Ernesto R. Palomo

LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0477 (E.R. Palomo)
(312) 896-6477 (E.R. Palomo -- fax)

*Attorneys for Defendant Banco de Seguros del Estado*

CHI1 1917286