# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| PINE TOP RECEIVABLES OF ILLINOIS, LLC, a limited liability corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 12 C 6357 |
| v. | ) ) | Judge Marvin E. Aspen |
| BANCO DE SEGUROS DEL ESTADO, statutory corporation wholly owned by the Sovereign Republic of Uruguay, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Pine Top Receivables of Illinois, LLC ("PTRIL" or "Plaintiff") filed a two-count complaint on August 12, 2012 to collect payments allegedly due its assignor, Pine Top Insurance Company ("Pine Top"), from Defendant Banco de Seguros del Estado ("Banco" or "Defendant"). (Dkt. No. 1.) After Banco filed a motion to dismiss Count I and an answer to Count II, PTRIL moved the court to strike the motion and answer, based on Banco's alleged failure to comply with the prejudgment security requirement of the Illinois Insurance Code, 215 ILCS 5/123(5) ("Insurance Code"). (Dkt. No. 16.) We denied the motion to strike. (Dkt. No. 28.) Presently before the court is PTRIL's motion to amend or correct the order denying the motion to strike. (Dkt. No. 29.) For the following reasons, we deny the motion.

BACKGROUND

We described the facts of this case in our order denying the motion to strike, *Pine Top Receivables of Illinois, LLC v. Banco v. Seguros del Estado*, No. 12 C 6357, 2012 WL 6216759, at *1–2 (N.D. Ill. Dec. 13, 2012), and do not repeat them here. The issue relevant to the present motion is whether the Insurance Code requires Banco to deposit prejudgment security before proceeding in this case. *Id.* at *1. Banco claimed that the Foreign Services Immunities Act, 28 U.S.C. § 1602 *et seq.* (2006) ("FSIA"), immunized them from the requirements of the Insurance Code, because it prohibits courts from imposing prejudgment attachments on the assets of foreign instrumentalities. *Id.* at *3–4. PTRIL argues that the prejudgment security requirement in the Insurance Code is not an attachment within the meaning of the FSIA. *Id.* at *4. The Seventh Circuit has not directly addressed this issue, so we relied primarily on *Stephens v. National Distillers & Chemical Corporation*, where the Second Circuit interpreted an identical provision of the New York insurance statute. 69 F.3d 1226, 1229 (2d Cir. 1995); *see Pine Top*, 2012 WL 6216759, at *4. We agreed with the Second Circuit that the prejudgment security was functionally equivalent to an attachment under the FSIA, and thus held in favor of Banco on this issue. *Pine Top*, 2012 WL 6216759, at *4. PTRIL timely filed the present motion under Rule 59(e).

ANALYSIS

In the Seventh Circuit, it is well-established that a motion under Rule 59(e) is

> only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Here, Plaintiff argues that its motion is appropriate because we misapprehended the relevant case law. (Reply at 1.) Specifically, Plaintiff contends that *Stephens*, the Second Circuit opinion on which we based our holding, misconstrues the statute, and that our holding perpetuates the error. (*Id.* at 1–2.) This is not the kind of "error of apprehension," however, that Rule 59(e) was designed to remedy.

The court's power to reconsider its judgments "should be exercised only in the rarest of circumstances and where there is a compelling reason . . ." *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 782 (N.D. Ill. 2010) (citing *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)). When a party seeks reconsideration based on a misapprehension of the case law, it must show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Ammons v. Cook Co., Ill.*, No. 11 C 5010, 2012 WL 2368320, at *2 (N.D. Ill. June 20, 2012). PTRIL does not point out this kind of error. Instead, it urges us to reject the Second Circuit's reading of the statute in favor of its own interpretation.

In ruling on the motion to strike, we chose to follow the holding in *Stephens* after carefully considering both Plaintiff's argument and the Second Circuit's reasoning. *Pine Top*, 2012 WL 6216759, at *4. Plaintiff's Rule 59(e) motion does no more than raise the same argument, bolstering it this time with a detailed look at the legislative history of the FSIA. But motions to reconsider "do not provide an opportunity to litigate previously rejected arguments." *Thomas v. Johnston*, 215 F.3d 1330 (7th Cir. 2000); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an

appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Ammons*, 2012 WL 2368320, at *2 ("Motions to reconsider that merely take umbrage with the court's ruling and rehash old arguments, and do not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent, are properly rejected by the court.").

Therefore we deny PTRIL's motion. PTRIL does not argue that we made an objective, manifest error such as overlooking controlling precedent; it simply disagrees with our conclusion. It would be impossible to resolve any litigation efficiently if we entertained a Rule 59(e) motion every time a party disagreed with one of our holdings. *See Marmi* 757 F. Supp. 2d at 782 ("If a motion to reconsider could be used as a vehicle to raise new arguments, introduce evidence that could and should have been adduced earlier, or reargue that which was previously considered, litigation would be prolonged interminably . . .").

## CONCLUSION

For the reasons stated above, we deny Plaintiff's motion to amend or correct the order denying the motion to strike. It is so ordered.

    _____
    Honorable Marvin E. Aspen
    U.S. District Court Judge

Date: February 5, 2013