UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PINE TOP RECEIVABLES OF ILLINOIS, LLC, a limited liability corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 12 C 6357 |
| v. | ) ) | Judge Marvin E. Aspen |
| BANCO DE SEGUROS DEL ESTADO, statutory corporation wholly owned by the Sovereign Republic of Uruguay, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Pine Top Receivables of Illinois, LLC ("PTRIL" or "Plaintiff") filed a three-count amended complaint ("FAC") on March 13, 2013 to collect payments allegedly due its assignor, Pine Top Insurance Company ("Pine Top"), from Defendant Banco de Seguros del Estado ("Banco" or "Defendant"). (Dkt. No. 59-1.) We assume familiarity with the factual background of this case as set forth in our prior orders. On June 11, 2013, we dismissed Counts I and II of the FAC, as well as Plaintiff's duplicative motion to compel arbitration. (Dkt. No. 95.) Plaintiff filed an interlocutory appeal of our dismissal, pursuant to 9 U.S.C. § 16(a)(1)©. (Dkt. Nos. 96, 98 ¶ 1.) Presently before us is PTRIL's motion to stay proceedings pending appeal. (Dkt. No. 98.) For the following reasons, we grant the motion.

I.      MOTION TO STAY PROCEEDINGS

In *Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc.*, the Seventh Circuit explained that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 128 F.3d 504, 505 (7th Cir. 1997). Specifically in the context of appeals filed under Section 16 of the Federal Arbitration Act, the court held that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id.* We agree with Plaintiff that *Bradford-Scott* is squarely applicable to this case. (Reply at 3–5.)

Here, the issue on appeal is whether the Purchase Agreement (Dkt. No. 67-1) between Plaintiff and the Liquidator in charge of Pine Top's affairs assigned Plaintiff the right to compel arbitration. The resolution of that issue will determine whether this case proceeds before us or an arbitrator. It would undermine the purpose of the interlocutory appeal to allow Defendant to continue pursuing discovery here, before the Seventh Circuit confirms that the case is properly before us. If the Seventh Circuit decides to send this case to arbitration, we will have wasted the resources of both the parties and this court on unnecessary and invalid proceedings. As the court explained in *Bradford-Scott*, "[i]mmediate appeal under § 16(a) helps cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending." *Id.* at 506.

Defendant's attempt to distinguish *Bradford-Scott* is unpersuasive. Defendant points out that the parties in *Bradford-Scott* had voluntarily entered into a contract containing an arbitration clause, so the stay was necessary to protect the appellant's "benefit of the bargain." (Resp. at

6–8.)  But here, according to Defendant, the parties never entered into a contract with each other, so there is no valid arbitration agreement to protect.  (*Id*.)  This argument simply assumes the outcome of the appeal.  It is irrelevant that Plaintiff and Defendant never entered into a contract together, if the Seventh Circuit finds that the Purchase Agreement assigned Plaintiff the right to compel arbitration.  In those circumstances, Plaintiff would be enforcing the rights of its assignor, the Liquidator acting on behalf of Pine Top, with whom Defendant did enter a contract.

Defendant's argument that the appeal is frivolous also fails.  It relies primarily on a handful of documents culled from early discovery requests that purport to undermine Plaintiff's claims about the intent of the parties who drafted the Purchase Agreement.  We cannot conclude, on this slim evidentiary basis, that Plaintiff's appeal is so utterly meritless as to be frivolous.  While we rejected Plaintiff's right to compel arbitration, we do not believe that Plaintiff filed this appeal in bad faith or in the complete absence of colorable legal arguments.  Therefore, we see no basis for denying the motion for stay.[1]

## II.     PRESERVATION OF RELEVANT DOCUMENTS

Defendant raises one other issue that requires our attention.  It claims that "PTRIL's counsel has advised Banco that the Liquidator has begun the process of destroying Pine Top's records.  Although Banco has asked PTRIL to confirm that relevant documents have not been destroyed, PTRIL has yet to provide the requested assurances."  (Resp. at 12.)  We disagree with

---

[1] Defendant also argues that "Congress did not provide for an automatic stay or divesting of jurisdiction pending interlocutory appeal anywhere in the text of 9 U.S.C. § 16."  (Resp. at 10.)  We express no opinion on that particular issue.  Our holding relies on the reasoning in *Bradford-Scott*, from which we see no reason to deviate.

Defendant that these circumstances justify denying the motion for stay, but we agree that the loss of relevant evidence is a legitimate concern.

As we explained above, the decision whether to grant a stay is a jurisdictional issue. *See Bradford-Scott*, 128 F.3d at 505. The pendency of the appeal divests us of jurisdiction over this case, which includes the jurisdiction to proceed with discovery matters. The appeal does nothing, however, to release the parties from their obligation to preserve relevant evidence.

"A party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action." *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 800–01 (N.D. Ill. 2010); *Bryant v. Gardner*, 587 F. Supp. 2d 951, 967–68 (N.D. Ill. 2008). On the issue of control, "it is well-settled that a party need not have actual possession of the documents to be deemed in control of them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004). Instead, "the test is whether the party has a legal right to obtain them." *Id.*; *see also Miniace v. Pac. Martime Ass'n*, No. 04 C 03506 (SI), 2006 WL 335389, at *1 (N.D. Cal. Feb. 13, 2006) ("'Control' need not be actual control; courts construe it broadly as 'the legal right to obtain documents upon demand.'") (quoting *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989)); *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993) ("A party has control or custody of a document or thing when he has the legal right to obtain the document, even though in fact he has no copy.") (internal quotation omitted); *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991) ("Control is defined as the legal right, authority or ability to obtain documents upon demand.") (citing *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir. 1984)).

In this case, the Purchase Agreement gave Plaintiff the legal right to access the Liquidator's records related to Pine Top. (Dkt No. 67-1 ¶¶ 4.1.3–5.) Courts have routinely held that a party controls records within the meaning of the rules of discovery if it has a contractual right to access those records. *Haskins v. First Am. Title Ins. Co.*, No. 10 C 5044 (RMB/JS), 2012 WL 5183908, at *1 (D.N.J. Oct. 18, 2012) (". . . a litigating party has control of documents if a contractual obligation requires a non-party to provide requested documents to the litigating party upon demand."); *Boucher v. First Am. Title Ins. Co.*, No. 10 C 0199 (RAJ), 2011 WL 5299497, at *4 (W.D. Wash. Nov. 4, 2011) (finding the defendant had control over its agents' documents because of the agents' contractual obligation to provide them); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195–96 (S.D.N.Y. 2007) (finding the defendant has control over documents in the possession of a separate company because of a document sharing clause in an agreement between them); *Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003) ("[C]ontrol may be established by the existence of . . . a legal right pursuant to a contractual provision.") (internal quotes and citations omitted).

Therefore, we hold Plaintiff responsible for the preservation of relevant documents that it has a legal right to obtain from the Liquidator pursuant to the Purchase Agreement. If Defendant believes further steps are necessary to preserve any evidence in this case, it may seek relief from the Seventh Circuit during the pendency of the appeal.

## CONCLUSION

For the reasons stated above, we grant Plaintiff's motion for stay pending appeal. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: July 18, 2013