UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINE TOP RECEIVABLES OF ILLINOIS, LLC, a limited liability corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12 C 6357 |
| | ) Hon. Marvin E. Aspen |
| BANCO DE SEGUROS DEL ESTADO, a statutory corporation wholly owned by the Sovereign Republic of Uruguay, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pine Top Receivables of Illinois, LLC ("PTRIL") filed this action against Defendant Banco de Seguros del Estado ("Banco") to recover sums allegedly owed to PTRIL from certain reinsurance contracts. On May 31, 2016, we issued an order granting Defendant Banco's summary judgment motion. (*See* Dkt. No. 148.) Presently before us is PTRIL's motion to vacate the judgment entered in this case and for leave to file a second amended complaint. (Dkt. No. 152.) As set forth below, we deny PTRIL's motion.

## BACKGROUND

As the facts presented in this case are set forth in the previous order, we need not repeat them here. (*See* Dkt. No. 148.) At the summary judgment stage, Defendant argued it was entitled to summary judgment because PTRIL's only remaining claim, for breach of contract, was untimely. We agreed, granting Banco's motion and finding PTRIL's claim accrued in early 1994 and was barred by the statute of limitations under Illinois law, which ran 10 years later, in 2004. In so holding, we also rejected PTRIL's attempt to defeat summary judgment by claiming it had pled a plausible "account stated" theory, finding PTRIL's complaint omitted facts

1

necessary to support an account stated claim, and it could not be raised for the first time on summary judgment as it was an impermissible new factual theory of liability. Having dismissed all of PTRIL's claims, we entered judgment on May 31, 2016.

PTRIL now asks us to reopen the judgment and allow it to amend its complaint to plead a "missing" element of its "account stated" theory. (Pl.'s Mot. at 1–2 (Dkt. No. 152).) PTRIL argues that its complaint, as amended, should not be dismissed as time-barred. Specifically, PTRIL seeks leave to amend in order to allege "Banco's acquiescence in the account stated through having failed to object to the account within a reasonable time after receiving it." (Pl.'s Mot. at 2.) PTRIL argues that because the court entered judgment at the same time it dismissed the complaint, the court "need not find other extraordinary circumstances and must still apply the liberal standard for amending pleadings under Rule 15(a)(2)" rather than the standards under Federal Rule of Civil Procedure 59(e). (*Id.* (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Indiana*, 786 F.3d 510, 521 (7th Cir. 2015).) Plaintiff asserts this liberal standard is appropriate because "the court did not decide this case on the basis that 'the movant show[ed] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," instead, the court "decided on the basis that Plaintiff had failed to plead an essential element of its 'account stated' theory: that defendant failed to contest the stated account within a reasonable amount of time." (*Id.* (emphasis in original).)

## ANALYSIS

In the Seventh Circuit, it is well-established that a motion under Rule 59(e) is:

> only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). None of these circumstances exists here. PTRIL does not contend that we misunderstood or misapplied the facts or law in granting summary judgment; nor does PTRIL contend that a significant change in the law has occurred or that new facts warrant reconsideration. Rather, PTRIL argues that it should be given another chance in order to correct the deficiencies in its pleadings—in effect, the only error that PTRIL seeks to correct is its own. But a motion for reconsideration should be granted if doing so would "enable 'the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). The court's power to reconsider its judgments "should be exercised only in the rarest of circumstances and where there is a compelling reason . . . ." *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 782 (N.D. Ill. 2010) (citing *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)). PTRIL's attempt to shift its theory of recovery comes far too late—well after the close of discovery and after summary judgment has been briefed and decided—and does not present any "compelling reason" justifying a different result.

PTRIL nevertheless contends it was error to enter judgment before allowing it another opportunity to amend the complaint. (Pl.'s Mot. at 1–2.) PTRIL points to *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S. Ct. 227, 229–30 (1962) and *Runnion*, 786 F.3d at 522 for the proposition that Rule 15 "permits pleadings to be amended at virtually any stage of the proceedings, including after trial." (*Id.*) Plaintiff's reliance on *Foman* and *Runnion* is inapposite: the cases addressed the general standard under Rule 15(a)(2) that motions for leave to amend should be freely granted, and plaintiffs should ordinarily be given one opportunity to

3

replead. *See Foman*, 371 U.S. at 182, 83 S. Ct. at 230 (holding that before dismissing a complaint without allowing an opportunity to replead, the court must provide a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *Runnion*, 786 F.3d at 522 (explaining courts should take a liberal approach to allowing an amended pleading under Rule 15(a) before dismissing and entering judgment at the motion to dismiss stage). But "[t]hat line of cases does not apply" where, as here, the plaintiff has already had an opportunity to amend the complaint at least once. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014), *cert. denied sub nom. Adams v. City of Indianapolis, Ind.*, 135 S. Ct. 286, 190 L. Ed. 2d 140 (2014) (holding the district court did not abuse its discretion in denying plaintiff's motion to file a second amended complaint after "the deadline for further amendments had long since expired").[1] PTRIL cites no other authority supporting its position that leave to amend the complaint should be freely given *after* having opportunities to amend, *after* the close of discovery, and *after* a motion for summary judgment has been decided.

To the contrary, "[a] party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Employers Ins. of Wausau v. Bodi-Wachs*

---

[1] *See also, e.g., Bell v. Taylor*, ⸺ F.3d⸺, No. 15-2343, 2016 WL 3568139, at *4 (7th Cir. July 1, 2016) (affirming denial of motion for leave to amend where plaintiff failed to show good cause for relief from the amendment deadline, which passed nearly eight months before his attempt to amend his complaint a fourth time); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming district court's denial of plaintiff's motion for leave to file a second amended complaint "late in the game," in part because plaintiff based his request on information available to plaintiff "long before he sought leave to amend"); *Campbell v. Ingersoll Mill. Mach. Co.*, 893 F.2d 925 (7th Cir. 1990) (collecting cases and finding courts in the Seventh Circuit deny motions for leave to amend where "plaintiffs sought to add new claims a short time before trial").

*Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)). "Belated factual or legal attacks are viewed with great suspicion . . . . Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* A motion to amend or reconsider cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Id.* at 1269 (quoting *Keen Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("Rule 59 is not a vehicle for rearguing previously rejected motions."); *Modern Drop Forge Co. v. Rapid Techs., Inc.*, 94 F.3d 647 (7th Cir. 1996) ("Our cases, however, plainly prohibit a party from advancing new theories based on previously available evidence for the first time in a motion filed after the entry of judgment under Fed. R. Civ. P. 59(e)." (collecting cases)). It would be unduly prejudicial to Banco to permit PTRIL's request to amend its complaint nearly four years into litigation, after it had ample opportunity to seek to amend to add the instant claim, long after the close of discovery, and following a dispositive summary judgment decision. PTRIL cannot present a moving target, and nothing in its motion convinces us its undue delay in seeking to amend should be excused here, where the claims it now seeks to add could have been raised long ago. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (internal citations omitted) ("[Courts] have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (same). PTRIL has not met the requirements of either Rule 59(e) or Rule 15(a)(2), and its motion to amend is accordingly denied.

## CONCLUSION

For the reasons discussed above, we deny PTRIL's motion to amend the judgment pursuant to Rule 59(e). (Dkt. No. 152.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: August 30, 2016
Chicago, Illinois